**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JUAN PABLO REVELO-SALCEDO,**<br><br>　　　Petitioner,<br><br>　　v.<br><br>**FCI FORT DIX WARDEN,**<br><br>　　　Respondent. | Case No. 24–cv–10084–ESK<br><br><br>**OPINION** |

**KIEL, U.S.D.J.**

　　**THIS MATTER** comes before the Court on petitioner Juan Pablo Revelo-Salcedo's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) requesting an order that prohibits the Bureau of Prisons (Bureau) from revoking his First Step Act (Act) good conduct credits in the event he receives a final order of removal. (ECF No. 1.) For the following reasons, I will dismiss the Petition.

　　**I.　FACTS AND PROCEDURAL HISTORY**

　　On May 15, 2017, petitioner signed a plea agreement in which he pleaded guilty to one count of conspiracy to possess with the intent to manufacture and distribute five kilograms or more of cocaine, 21 U.S.C. § 846. *United States v. Revelo-Salcedo*, No. 4:15–cr–00155 (E.D. Tex. May 15, 2017) (ECF No. 214.)[1] On December 13, 2017, petitioner received a 168-month sentence to be followed by a two-year supervised release term. (*Id.* ECF No. 317.) On February 20, 2024, the district court granted petitioner's motion to reduce his sentence and reduced petitioner's sentence to 135 months. (*Id.* ECF No. 634.) His

---

[1] I take judicial notice of the public filings in petitioner's criminal case.

projected release date from Bureau custody is January 10, 2025. Bureau Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited Nov. 19, 2024).

Petitioner filed his Petition on October 25, 2024 while confined in Fort Dix Federal Correctional Institution (Fort Dix). (ECF No. 1.) He states that he is subject to an immigration detainer and is currently earning good conduct credits pursuant to the Act. (*Id.* p. 2.) He asks the Court to issue an order prohibiting the Bureau from revoking any of those credits in the event that he receives a final removal order. (*Id.* p. 3.)

## II.   LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b*)); see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

### III. DISCUSSION

Under the Act, federal prisoners who complete "evidence-based recidivism reduction programming or productive activities" are entitled to earn good conduct credits to be applied towards early supervised release. 18 U.S.C. § 3632(d)(4)(A). However, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). "The statute thus bars any inmate who is subject to a final order of removal from receiving [good conduct] credits or applying any previously earned credits towards early supervised release." *Sanchez-Leyva v. Warden, FCI Ft. Dix*, No. 24–cv–06118, 2024 WL 4249544, at *2 (D.N.J. Sept. 20, 2024) (citing *Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23–cv–00091, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023)).

Here, petitioner is not currently subject to a final removal order and is presently earning credits under the Act. (ECF No. 1 p. 2.) Petitioner seeks to enjoin the Bureau from preventing him from applying his earned credits in the event that he receives a final order of removal from federal immigration authorities. "Petitioner bases this request on his belief that he has a vested interest in those credits … . The inherent flaw in [p]etitioner's argument, however, is that the very credits he seeks to protect—those granted by the [Act]—are inherently contingent on [p]etitioner not receiving a final order of removal." *Mitchell-Palacio v. FCI Fort Dix (Warden)*, No. 24–cv–09831, 2024 WL 4542223, at *1 (D.N.J. Oct. 21, 2024). "[I]f [p]etitioner does receive a final order of removal, the [Bureau] has no choice but to deprive him of the ability to apply his [Act] credits towards early supervised release, and this Court has no authority to enjoin the operation of the statute." *Id.* Therefore, the Petition is without merit and must be dismissed.

Additionally, I must dismiss the Petition because petitioner does not have an actual or imminent injury. "To have standing to bring a suit in federal court, a plaintiff must demonstrate a concrete and particularized, actual or imminent, injury in fact." *Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010). Any harm is presently speculative; petitioner is currently accruing and can apply credits towards his early supervised release. He presumes that he will be injured if the United States initiates and pursues removal proceedings. In the absence of a concrete, imminent injury, the Petition must be dismissed as premature.

### IV.    CONCLUSION

For the reasons stated above, I will dismiss the Petition without prejudice. An appropriate Order accompanies this Opinion.

                          */s/ Edward S. Kiel*
                          **EDWARD S. KIEL**
                          UNITED STATES DISTRICT JUDGE

Dated: November 19, 2024